IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:20cr30-MHT** |
| | ) | **(WO)** |
| **DOMINICK ANTONIO BLOUNT** | ) | |

OPINION AND ORDER

This case is before the court on defendant Dominick Antonio Blount's oral motion to continue his trial, made during an on-the-record conference call on May 1, 2020. For the reasons set forth below, the court finds that Blount's trial, now set for May 11, 2020, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy

>  days from the filing date (and making
>  public) of the information or
>  indictment, or from the date the
>  defendant has appeared before a
>  judicial officer of the court in which
>  such charge is pending, whichever date
>  last occurs."

§ 3161(c)(1).  The Act excludes any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Blount in a speedy trial.  Blount is in custody.  Due to the COVID-19 pandemic, access to the local jail has been restricted and defense counsel has been unable to meet with Blount

regarding a possible resolution of this case. Therefore, a continuance is necessary to allow defense counsel reasonable time to further negotiate and consider a plea or to prepare effectively with Blount for trial, if necessary. During the May 1 on-the-record conference call, defense counsel clarified that a continuance until the court's August trial term is preferred. The court finds that such a continuance would facilitate a fair trial and would not prejudice the parties or the public. Further, there is no objection from the government regarding Blount's request.

The jury selection and trial of this case will therefore be continued.

***

Accordingly, it is ORDERED as follows:

(1) The oral motion to continue the trial (doc. no. 30) is granted.

(2) The jury selection and trial for defendant Dominick Antonio Blount, now set for May 11, 2020, are

continued until August 24, 2020, at 10:00 a.m., in the Frank M. Johnson Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the August 24 trial term.

DONE, this the 1st day of May, 2020.

                                          /s/ Myron H. Thompson
                                        **UNITED STATES DISTRICT JUDGE**